UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KEENAN GEORGE,

                Plaintiff,                        **ORDER**
                                           22-CV-2115 (JS)(JMW)

            *-against-*

ALLY FINANCIAL INC. d/b/a ALLY BANK,
ALLY BANK and NYC MOTORCARS OF
FREEPORT CORPORATION,

                Defendants.
-----------------------------------------------------------------X

**A P P E A R A N C E S :**

Novlette R. Kidd, Esq.
**Fagenson & Puglisi, PLLC**
450 Seventh Avenue, Suite 704
New York, NY 10123
*Attorney for Plaintiff*

Joseph M. DeFazio, Esq.
**Troutman Pepper Hamilton Sanders**
875 Third Avenue
New York, NY 10022
*Attorney for Defendant Ally Financial Inc.,*
*and Ally Bank*

Brian Pete, Esq.
Carrie Cheryl Turner, Esq.
**Lewis Brisbois Bisgaard & Smith LLP**
77 Water St. 21st Fl.
New York, NY 10005
*Attorneys for Defendant Ally Financial Inc.,*
*and Ally Bank*

Nadine Ibrahim, Esq.
Sherri Anne Jayson, Esq.
**Gallo Vitucci Klar LLP**
90 Broad Street, 12th Fl.
New York City, NY 10004
*Attorneys for Defendant*
*NYC Motorcars of Freeport Corporation*

**WICKS,** Magistrate Judge:

The parties appeared for oral argument on September 14, 2023 before the undersigned to address the pending motions filed at ECF Nos. 41–44.  The parties' arguments were heard.  For the reasons set forth on the record, the parties' motions are decided as follows, and a revised schedule is set.

## I.      Motions to Compel (ECF Nos. 43–44)

Plaintiff's motions to compel discovery responses to his interrogatories and requests for production ("RFPS") from both Ally Financial Inc. d/b/a Ally Bank and Ally Bank ("Ally Defendants") (ECF No. 43), and NYC Motorcars of Freeport Corporation ("Dealership Defendant") (ECF No. 44) are decided as follows.

### A.  Motion to Compel Responses to Interrogatories and RFPS from Ally Defendants (ECF No. 43)

#### a.   Interrogatories 19–20, RFPS 24–26, and 50 (ECF Nos. 43-1 at 3–4, 7–9, 21)

This branch of the motion is denied with leave to renew following the parties' meet and confer.  Plaintiff's counsel is directed to meet and confer with Ally Defendants to further narrow the parameters of these discovery requests by considering, *inter alia*, subject matter, geographical location, dealership, and/or a more targeted time frame.  Plaintiff's counsel shall provide a status update as to this issue as part of his **October 6, 2023** letter.  *See infra* Section III.

**b. RFPS 35–36, and 51 (ECF No. 43-1 at 13–4)**

This branch of the motion is denied for the reasons stated on the record.

**c. Interrogatory 21, RFPS 27, 39, and 42 (ECF No. 43–1 at 5, 10, 15, 17)**

This branch of the motion is granted as follows. Ally Defendants are directed to provide a supplemental affidavit from Jasper Garrett explaining whether the subject phone calls were recorded, and if so, whether they were purged in the normal course of business. Moreover, the affidavit shall explain the policies and procedures behind recording and purging phone calls. The supplemental affidavit shall be provided on or before **September 22, 2023**.

**B. Motion to Compel Responses to Interrogatories and RFPS from Dealership Defendant (ECF No. 44)**

**a. Interrogatories 21–22 and RFPS 20–22, and 67 (ECF No. 44-1 at 2–3, 8–10)**

This branch of the motion is granted. However, the requests are narrowed by scope to a five-year period immediately preceding the date of this Order and by subject matter to only complaints related to the sale, purchase, or lease of an automobile.

Considering counsel's representation that the dealership is starting to wind down its business, on or before **September 22, 2023**, counsel shall file a letter advising the Court whether a litigation hold has been served on the dealership. And if a hold has been served, counsel shall provide the date that it was served.

3

**b.  Interrogatory 19 and RFPS 1–7 (ECF No. 44-1 at 2, 4–7)**

This branch of the motion is denied without prejudice to renew at a later stage of this litigation, at minimum, following close of discovery and resolution of the anticipated dispositive motion practice.

## II.        Ancillary Motions (ECF Nos. 41–42)

Following discussion with counsel, Defendants' motion seeking waiver of Plaintiff's motions to compel is deemed withdrawn (ECF No. 41).  Additionally, Defendants' motion for extension of time to respond to Plaintiff's anticipated motions to compel (ECF No. 42) is deemed moot.

## III.       Case Schedule and Timeline for Providing Outstanding Discovery

The deadline for fact discovery is hereby extended to on or before **December 1, 2023**. This is the FINAL extension of this deadline.  By end of day **October 6, 2023**, Plaintiff shall file a letter advising the Court whether Plaintiff intends to utilize expert witnesses in this case.  All remaining dates and deadlines will be set following receipt of Plaintiff's October 6, 2023 letter.

Unless otherwise provided in this Order, the parties are to make any outstanding document productions and provide any outstanding discovery on or before **September 22, 2023**. If there are any remaining discovery issues, they shall be raised in Plaintiff's October 6, 2023 letter.  The parties are reminded that the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, and the undersigned's Individual Practice Rules concomitantly require that parties meet and confer in a good faith attempt to resolve discovery disputes before formally initiating motion practice or raising disputes with the Court.  *See* Individual Practice Rule 3.A; Local Civil

Rules 26.4, 37.3(a); Fed R. Civ. P. 37(a).  This requires the parties to "meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining . . . what the requesting party is actually seeking; what the discovering party is reasonably capable of producing that is responsive to the request; and what specific genuine issues, if any, cannot be resolved without judicial intervention."  *Excess Ins. Co. v. Rochdale Ins. Co.*, No. 05-CV-10174, 2007 WL 2900217, at *12 (S.D.N.Y. Oct. 4, 2007) (explaining the meet and confer requirement).

## CONCLUSION

Plaintiff's motions to compel (ECF Nos. 43–44) are granted in part and denied in part. Defendants' motions are deemed withdrawn (ECF No. 41) and moot (ECF No. 42).

The Final Pretrial Conference currently scheduled for September 22, 2023 at 10:00 AM via the Court's Video Zoom is hereby adjourned *sine die*.

Dated: Central Islip, New York
September 14, 2023

S O   O R D E R E D:

/s/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

5